## WAVEL v. WILES.

The granting of a new trial in a suit before a justice of the peace, under section 366 of the Code, is matter of mere discretion, not reviewable on appeal.

This rule applies where the application for a new trial was on the ground that the summons had never been served and the justice did not obtain jurisdiction. The County Court having denied a new trial except upon terms, the Supreme Court cannot review its order.

APPEAL from judgment in the Supreme Court reversing a judgment of the County Court.

The plaintiff commenced a suit by summons before a justice of the peace of Cortland county. The constable made due return of personal service of the summons and on the return day no one appearing for the defendant the justice proceeded with the case *ex parte*, heard the plaintiff's testimony and gave judgment for the plaintiff for forty dollars, besides costs. The defendant appealed to the County Court and there presented affidavits denying the service of the summons, upon which the County Court ordered a new trial on payment of ten dollars costs of motion within a period fixed in the order, and if not paid then the judgment was to be affirmed, with costs. The ten dollars was not paid and judgment of affirmance was entered, from which the defendant appealed to the Supreme Court. At a general term in the sixth district, the judgment of the County Court and that of the justice was reversed, and on an order made under the statute allowing an appeal to this court.

*John H. Reynolds*, for the appellant.

*Amasa J. Parker*, for the respondent.

SMITH, J. The return of the summons, with the indorsement of the constable thereon of due personal service thereof

upon the defendant, conferred jurisdiction upon the justice over the person of the defendant, and authorized him to proceed with the trial of the cause and receive the plaintiff's evidence in support of his complaint, and to render judgment thereupon. (*Putman* v. *Mann*, 3 Wend., 202 ; *Allen* v. *Martin*, 10 id., 300 ; 2 Hill, 517 ; 18 Barb., 597.) The evidence received fully warranted the judgment rendered by the justice, and no error occurred on the trial which could warrant a reversal in the County Court of such judgment.

The order made in the County Court granting a new trial upon affidavits of the defendant and others, showing that he purposely evaded the service of the summons when the constable came to his house to serve it, and locked his door and kept it locked, and ran out of one room into another so as not to hear what the constable said at the time, was certainly very lenient to the defendant, and presents no ground of error or exception on his part. Section 366 of the Code provides that "If the defendant failed to appear before the justice and it is shown by the affidavits served or otherwise that manifest injustice had been done, and the defendant satisfactorily excuses his default, the court may in its discretion set aside or suspend the judgment, and order a new trial before the same or any other justice, at such time and place and on such terms as the court may deem proper."

An application for a new trial under this section of the Code is addressed purely to the favor and discretion of the court. Such is the express provision of the statute, the court "may in its *discretion* set aside the judgment and grant a new trial." It is a fundamental rule governing the review by one tribunal of the proceedings of another that orders or decisions resting in discretion are not reviewable. The Supreme Court erred in reversing the judgment of the County Court. It was not entitled to review its decision on the questions presented in the affidavits; and they could not properly be used or considered on the merits of the case. The objection that a party should never be concluded or put to any damage by a judicial proceeding, when he has had no opportunity to be

heard, is met by the legislature in this section of the Code giving a remedy to a party complaining of any error of fact not within the knowledge of the justice in the review or rendition of any judgment by a justice of the peace. The County Court can in all cases of this kind hear and determine the question upon affidavits, or may inquire into and determine the same upon the examination of witnesses.

Under this section the party injured may obtain redress of all errors of jurisdiction or regularity in the proceedings before the justice, and he will also have his remedy by action against a constable for a false return.

In the case of *Fitch* v. *Devlin* (15 Barb., 47), it was proved by affidavits that the summons was not served on the defendant, but the County Court held that the defendant had no relief except by an action against the constable for the false return. The Supreme Court reversed the judgment of the County Court and that of the justice on the ground that error of fact was clearly established, and the party had a remedy for such error under this section of the Code. If in this case the County Court had held that it had no power to hear and decide the question of error in fact upon the affidavits, it would have been proper for the Supreme Court to have reversed such decision and remitted the case to the County Court for the correction of such error. But the County Court did act; it heard the application and made the appropriate order in its discretion to give relief to the defendant. It granted a new trial and the defendant was bound to pursue that remedy— otherwise he is remediless so far as relates to any proceeding to review the judgment.

The judgment of the Supreme Court should be reversed and that of the County Court affirmed.

Judgment reversed.