Chase *v.* Miser.

[CHAUTAUQUA SPECIAL TERM, January, 1874. *Barker,* Justice.]

————•••————

## CHASE *vs.* MISER.

When, upon appeal to the General Term, a judgment of a county court is reversed, and a new trial ordered, "without costs on the appeal to either party," the clerk has no power or authority to tax the costs of appeal and enter the same in the judgment of reversal.

If it appears, in such a case, that in the county court affidavits tending to show that injustice was done to the defendant, by the judgment of the justice, were read and passed upon; and that the court refused a new trial in the *exercise of its discretion,* the General Term, on appeal from the county court, has no power to award a new trial.

But if the county court omitted to pass upon the affidavits, on the ground that it had no power, then the General Term may, on appeal, reverse such holding.

Where it does not appear that the county court did act, one way or the other, upon the affidavits, the question as to the power of the General Term to make an order granting a new trial "without costs of the appeal to either party" cannot properly be passed upon on a motion to compel the clerk to tax the defendant's costs of appeal, and enter the same in the judgment. nl

MOTION by the defendant to compel the clerk to tax defendant's costs of appeal from the county court to General Term, and from a justice's court to the county court of Jefferson county.

The plaintiff recovered, before a justice of the peace of Jefferson county, a judgment for $23, damages and costs. The defendant appealed to the county court, on questions of law only, and also asked for a new trial on the ground that it was taken by default, and that manifest injustice was done to the defendant by the judgment. Affidavits tending to excuse the default, and to show that injustice was done to the defendant by the judgment, were read in the county court. The judgment was affirmed by the county court, and the defendant appealed to the General Term of this court, and an order was made reversing the county court judgment, and the justice's judgment, and ordering a new trial before the same or another justice, "without costs on the appeal to either party."

The defendant thereupon made out a bill of costs, and asked the clerk to tax and enter the same in the judgment of reversal. The clerk refused, and this motion is to compel such taxation and award of costs to the defendant.

The papers used on this motion do not show that the county judge passed upon the affidavits excusing the default and showing manifest injustice; nor do the papers used before the General Term show it.

*D. O. Brien,* for the motion.

*Chas. D. Wright,* opposed.

HARDIN, J. It has been repeatedly held that the clerk has no power of a judicial nature which he can exercise, and award costs to either party. His duties are ministerial, and he must obey the orders and directions given by the courts.

It was held in *Chapin* v. *Churchill*, (12 *How.*, 367,) that when a judgment was reversed "*without costs to either party*," the clerk had no power nor authority to enter the judgment of reversal "*with costs.*" And it was there held "he should follow the decision of the court."

Since the decision of that case, it was held in *Hees* v. *Nellis*, (1 *Thomp. & C.*, 118,) that where a party was clearly entitled to costs, a judgment entered for costs would not be reversed and set aside, though the established practice would require the party to apply on motion, for costs. This last case is consistent with *Gray* v. *Hannah*, (3 *Abb.*, *N.S.*, 183.)

It is here insisted, by the learned counsel for the defendant, that the General Term had no power to award a new trial. If the papers indicated that the county court passed upon the affidavits, and refused a new trial in *the exercise of its discretion*, the position would be upheld by *Wavel* v. *Niles*, (24 *N. Y.*, 635.) If, however, the county judge omitted to pass upon the affidavits upon the ground that he had no power, then the General Term might reverse such holding. SMITH, J., in the case last cited, says: "If in this case the county court had held that it had no power to hear and decide the question of error in fact upon affidavits, it would have been proper for the Supreme Court to have reversed such decision and remitted the case to the county court for the correction of such error." (*See* also 29 *N. Y.*, 420 ; 45 *id.*, 499 ; 63 *Barb.*, 553, *as to review of discretion.*) It does not appear by the papers here that the county court did act, one way or the other, upon the affidavits. The question, therefore, cannot now properly be passed upon, as to the power of the General Term to make the order which it made in this case. That question will more appropriately be considered when the defendant shall move to set aside that part of the decision which withholds costs from the

---

defendant ; or when he shall apply to the General Term to modify its order.

This motion, according to the rule laid down in *Chapin* v. *Churchill*, (*supra*,) must be denied, with $10 costs.

Order accordingly.

[JEFFERSON SPECIAL TERM, April, 1875. *Hardin*, Justice.]