JACOB FISHER, RESPONDENT, *v.* STEPHEN M. CORWIN, APPELLANT.

*Practice — motion for a new trial on the ground of newly discovered evidence — it cannot be made after an appeal from the judgment.*

Upon an appeal from a judgment for $158 recovered by the plaintiff, the General Term ordered a new trial unless the plaintiff would stipulate to reduce the damages to sixty-one dollars and twenty-five cents. The plaintiff gave the stipulation, and the judgment as modified was affirmed. Thereupon the defendant without delay, but after more than four years had elapsed from the time of the entry of the original judgment, moved for a new trial upon the ground of newly discovered evidence.

*Held*, that an order denying the motion should be affirmed, without examining as to whether or not the application was a meritorious one.

APPEAL from an order of the Monroe Special Term, denying the defendant's application for a new trial upon the ground of newly discovered evidence.

*John W. Beckley*, for the appellant.

*George Ripsom*, for the respondent.

BARKER, J.:

The issues in this action were tried by a referee who reported in the plaintiff's favor, assessing his damages at $158, on which judgment was entered on the 8th day of December, 1877. The action was for conversion of personal property. From the judgment the defendant appealed to the General Term, and this court in October, 1881, ordered a new trial unless the plaintiff stipulated to reduce the damages to the sum of sixty-one dollars and twenty-five cents. Thereupon the plaintiff gave the required stipulation, and the judgment as ratified was affirmed. Thereupon and without delay this motion was made at Special Term.

This motion comes too late, and we all concur that the order should be confirmed without looking into the papers to see if there is merit in the case sought to be established. The defendant by his appeal secured a modification of the judgment to which the plaintiff assented, waiving the privilege of a new trial. It would be a great injustice to the plaintiff to open the issues for a retrial.

It is not the practice to grant new trials upon the ground of newly discovered evidence after the judgment has been affirmed upon appeal. No case can be found where it has been done in a common law action. The practice has been, before and since the adoption of the first Code, not to entertain motions of this character after appeal from final judgment. The current of the decisions are not to entertain the motion after the entry of judgment, and it was so held in *Jackson* v. *Chace* (15 Johns., 354); *Rapelye* v. *Prince* (4 Hill, 125); *Sheldon* v. *Stryker* (27 How., 387); *Peck* v. *Hiler* (30 Barb., 656); *Nash* v. *Wetmore* (33 id., 155); *Lawrence* v. *Ely* (38 N. Y., 42).

It is a uniform rule never departed from, requiring all motions addressed to the discretion of the court, in which a party seeks relief through his mistake, inadvertence, surprise or excusable neglect, to be made within one year after its occurrence. (Code, § 724.) This motion is of the same class as those enumerated in that section. More than four years elapsed from the time of the entry of the judgment to the making of this motion. No judgment can ever stand if this is to be disturbed upon the grounds mentioned in the application.

The order should be affirmed, with ten dollars costs and disbursements.

HAIGHT, BRADLEY and LEWIS, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.