JOSEPHINE MYERS, RESPONDENT, *v.* GEORGE S. RILEY, APPELLANT.

*Appeal from an order of a County Court denying a new trial — when the County Court may grant or refuse a new trial, in its discretion — its decision is not reviewable at General Term.*

An order of a County Court, denying a motion for a new trial upon the ground of surprise and newly discovered evidence, is addressed to the discretion of that court, and is not reviewable upon appeal by the General Term of the Supreme Court.

The Supreme Court has no power to review the exercise by the County Court of a discretionary power vested in the latter court.

APPEAL from a judgment, entered upon a verdict of the Monroe County Court, and from an order denying a motion for a new trial, made on the ground of surprise and newly discovered evidence.

*F. L. & J. E. Durand*, for the appellant.

*Thomas Raines*, for the respondent.

HAIGHT, J.:

This action was brought to recover damages for personal injuries alleged to have been sustained by plaintiff in consequence of her stepping into a coal hole in a sidewalk in front of the defendant's premises, in the city of Rochester. The jury rendered a verdict in her favor for the sum of $1,000. The undisputed evidence shows that there was a hole in the sidewalk of about the size of an ordinary pail; that it was covered with an iron cover; that it had become so worn that when the cover was upon the hole right side up, it would tip and turn over. The plaintiff, accompanied with her husband, about nine o'clock in the evening was walking along the sidewalk in question, when she stepped upon the cover, it turned and let her leg down through the hole, causing the injury complained of. That the sidewalk was in a dangerous and unsafe condition, and that it had been in such condition for a long time there appears to be no serious question, so that it would appear that the plaintiff was entitled to recover some amount. The main question litigated upon the trial was that the plaintiff was not injured to the extent claimed by her. She claimed that her hip was severely sprained; that a contraction of the muscles had taken place, causing severe pain and lameness, and that such lameness continued at the time of the trial. Several witnesses were produced on the part of the defendant who testified to having seen her walk after the injury, and that they discovered no lameness. After the verdict and before the entry of judgment, the defendant moved for a new trial upon the ground of newly discovered evidence, and upon such motion read his own affidavit and that of thirteen other persons, most of whom swear that they have seen the plaintiff walk at different times; that she walked with a firm step and showed no indication of lameness. Affidavits were read in opposition to the motion, tending to corroborate and sustain the evidence given upon the trial. The County Court denied the motion, and judgment was entered upon the verdict. Upon the argument of this appeal the appellant did not claim that there was any error occurring upon the trial, so that the judgment should be reversed. The only point argued was that the County Court erred in not granting the motion for a new trial upon the ground of surprise and newly discovered evidence.

The first question presented is, whether or not this order is appealable. It is contended, on the part of the appellant, that the order is appealable under section 1342 of the Code; that it is an order affecting a substantial right. The section in question was, in substance, copied from the Code of Procedure, and has often been a subject of judicial consideration. It appears to be established, beyond question, that a motion for a new trial on the ground of newly discovered evidence and surprise is addressed to the discretion of the court. (*Lawrence* v. *Ely*, 38 N. Y., 42; *Smith* v. *Platt*, 96 id., 635, and authorities there cited.)

Section 190 of the Code, subdivision 2, provides that the Court of Appeals has power to review an order made in an action affecting a substantial right, and not resting in discretion, etc. So that orders resting purely in the discretion of another court cannot be reviewed by the Court of Appeals. This, however, is not the case with the General Term; and it has consequently been held that orders of the Special Term, although discretionary, may be reviewed by the General Term, for the reason that the General Term is a branch of the same court, and that the court may review its own orders. The County Court, however, is a separate and independent court, and it is a fundamental rule that each court has control over its own judgments.

In the case of *Wavel* v. *Wiles* (24 *N. Y.*, 635), it was held that an application for a new trial, under section 366 of the Code of Procedure, is addressed purely to the favor and discretion of the court; the court may, in its discretion, set aside the judgment and grant a new trial; that the rule governing the review by one tribunal of the proceedings of another is that orders or decisions resting in discretion are not reviewable. In the case of *Stebbins* v. *Cowles* (30 Hun, 523) it was held that an order of the County Court referring an action in that court, upon the ground that the trial would involve the examination of a long account, was a discretionary order, and it appearing that there was a long account to be examined, the order could not be reviewed in this court, and this decision was placed upon the ground that the decisions of one tribunal resting in discretion are not reviewable by another. The case of *Bowen* v. *Widner* (12 N. Y. Wk. Dig., 525) is a decision of the General Term of the late Fourth Department, and is to the effect that the General Term

cannot review an order of the County Court granting a new trial upon the ground of newly discovered evidence. (See, also, *Lawrence* v. *Ely*, 38 N. Y., 42.)

The case of the assignment of *Rider*, etc. (23 Hun, 91), is distinguishable. That was a motion to set aside a sale made by an assignee for the benefit of creditors, on the ground that the price paid was insufficient, and that a better price could be obtained. The court held that the order in this case affected a substantial right; that it was not an order resting purely in discretion. The court, however, remarks that it is true that the General Term will not review certain orders which rest solely in discretion. It consequently appears to us that the order is not appealable. Such, at least, appears to be the decision in this department.

It is contended that if the discretion of the Special Term is to be reviewed upon motions of this character; that the discretion of the County Courts should also be reviewed; that the County Courts are quite as liable to err as the Special Term Court. We confess that there is force in the argument, but we do not make the law. We must take it as we find it.

Although unnecessary, in view of the result which we have reached in reference to the orders being appealable, we have read the entire case and the affidavits of the newly discovered witnesses. The only effect that the newly discovered evidence could possibly have would be to reduce the verdict, and it might not effect that result. The new testimony would cover a later period of time than that embraced in the testimony of the witnesses given upon the trial; in all other respects, it would be of the same character. This we regard as cumulative, and consequently not bringing the appellant within the rule recognized by the courts in which new trials are granted.

The order and judgment should be affirmed.

BARKER, BRADLEY and CORLETT, JJ., concurred.

So ordered.