ISABELLA B. CLUTE, Respondent, *v.* JACOB KNIES et al., Survivors, etc., Appellant.

In an action of ejectment plaintiff moved for the appointment of a receiver of the rents and profits of the land in question. Defendant thereupon

consented that an order "be entered requiring him to file security for the payment of rent of the premises, as the court may direct by order in the action." In the order as entered and in the condition of the undertaking given in pursuance thereof, the word "plaintiff" was used by mistake instead of "defendant:" The condition reading "that plaintiff will account for and pay over the rent," etc. *Held,* that an action was maintainable to reform the bond and to enforce it as corrected.

On the trial of the ejectment suit defendant succeeded; the judgment, however, was reversed and plaintiff finally had judgment in his favor for the possession of the premises and for a sum stated as the rental value thereof. *Held,* that the undertaking was not merged in or superseded by the first judgment, but that upon the rendition of the final judgment it by its terms became operative, as the judgment was a direction and order within the meaning of the undertaking.

The order was also amended on motion without notice to the sureties. *Held,* that this was immaterial as it was not necessary to amend the order in order to maintain the action for the reformation of the undertaking.

Also *held,* it was immaterial that the amended order required the defendant in the ejectment suit to file a new undertaking, that no new undertaking having been filed the one given was not superseded.

(Argued April 16, 1886 ; decided June 1, 1886.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made May 29, 1884, which affirmed a judgment in favor of the plaintiff, entered upon a decision of the court on trial at Special Term.

The nature of the action and the material facts are stated in the opinion.

*Wm. G. McCrea* for appellant. The liability of the sureties on the undertaking was terminated by the judgment dismissing the complaint. (Bouv. Law Dict., tit. Judgment; Freeman on Judgm., § 12; *Weston* v. *Charleston,* 2 Pet. 175; Code, §§ 1209, 1220, 1301, 1316; *Disbro* v. *Disbro,* 37 How. Pr. 147; *Fellows* v. *Heermans,* 13 Abb. [N. S.] 10; *People* v. *Randall,* 73 N. Y. 416; *Gardner* v. *Gardner,* 87 id. 14; *People, ex rel. Roberts,* v. *Bowe,* 81 id. 41; *Woods* v. *Dwight,* 7 Johns. Ch. 295.) A paper so referred to and described in a written instrument that it may be identified is thereby made a part of the instrument, the same as if incorporated therein. (*Ex parte*

*Washington Park,* 52 N. Y. 131 ; *Nat. Bank'g Association* v. *Conklin,* 15 Week. Dig. 243.) If the instrument in question is an undertaking given in pursuance of a statute, then the court had no power to amend the same. (Code, § 730 ; *Langley* v. *Warner,* 1 N. Y. 606.) To entitle a party to a judgment reforming a written contract, he must prove that it was the intent of both parties to make the contract, not as it appears, but as he claims it should have been, and that this intent was frustrated by fraud or mutual mistake. (*Jackson* v. *Andrews,* 59 N. Y. 244 ; *Nevins* v. *Dunlap,* 33 id. 676, 680.) A receiver cannot be appointed in an action in ejectment before judgment. (*Burdell* v. *Burdell,* 54 How. Pr. 91 ; *Guernsey* v. *Powers,* 9 Hun, 78 ; *Thompson* v. *Sherrard,* 35 Barb. 539 ; *Post* v. *Doremus,* 60 N. Y. 371.)

*T. J. Clute* for respondent. The decree directing the undertaking to be reformed, as prayed for, is right. (*Bush* v. *Hicks,* 60 N. Y. 298 ; *Jackson* v. *Andrews,* 59 id. 244 ; *Pitcher* v. *Hennessy,* 48 id. 415 ; *Finnstom* v. *De Camp,* 2 N. J. Eq. 309 ; *Stoddard* v. *Hart,* 23 N. Y. 562.) The judgments of nonsuits of April 14, 1877, and of June 25, 1878, having been respectively reversed, it is the same as if neither had ever been rendered, and must be treated as a nullity, and the sureties remain liable. (*Bennett* v. *Brown,* 20 N. Y. 99 ; *Robinson* v. *Plimpton,* 25 id. 484 ; *Lowery* v. *Tew,* 25 Hun, 258 ; *Jewett* v. *Crane,* 13 Abb. 97.) The undertaking is an original obligation. No order of the court was necessary to give it validity. (4 Den. 551 ; 2 Duer, 170 ; 1 Brock. Marsh. 380 ; *Johnson* v. *Ackerson,* 40 How. 222 ; 3 Daly, 430 ; *People* v. *White,* 28 Hun, 298.)

EARL, J. In 1874 the plaintiff commenced an action of ejectment against the defendant Emmerick and afterward made an application for the appointment of a receiver of the rents of the land claimed pending the action. Thereupon, to avoid the appointment of a receiver, Emmerick consented to the entry of the following order on the 2d day of May, 1874 : " A motion having been made herein for an order appointing

a receiver of the rents of the premises described in the complaint during the pendency of the action, the defendant objecting thereto, but consenting that an order be made and entered herein in lieu thereof, directing him to file security for the payment of said rent in case the court should so order and direct herein; now on reading and filing such consent, ordered that said defendant file security in the penalty of $3,000, with two sufficient sureties, conditioned that said plaintiff will account for and pay over the rent of said premises as the court may direct by order in the above entitled action." In pursuance of that order Emmerick, with the defendant Knies and one Fisher, executed an undertaking of which the following is a copy: "An order having been made herein by consent, that the defendant file security with the clerk of this court in the penalty of $3,000, conditioned that plaintiff will account for and pay over, under the direction of the court, the rents of the premises described in the complaint; We, Adam Emmerick, of No. 337 West Fortieth street, in the city of New York; Anthony Fisher, of No. 437 West Forty-third street, in said city, and Jacob Knies, of No. 450 West Forty-fifth street, in said city, do undertake, pursuant to said order, in the sum of $3,000 that said plaintiff will account for and pay over the rent of said premises in case the court so directs, according to any order that may be made herein not exceeding the sum above mentioned."

That action was thereafter tried and a judgment rendered in favor of Emmerick dismissing the complaint. From that judgment an appeal was taken by the plaintiff to the General Term and there the judgment was reversed and a new trial was ordered. A second trial was had and the defendant was again successful, and the plaintiff again appealed to the General Term and the judgment against her was reversed and a new trial ordered. Previous to the third trial, upon the motion of the plaintiff, an order was entered directing that the former order of May 2, 1874, be amended *nunc pro tunc* by striking out the word "plaintiff" where it appeared therein, and substituting the word "defendant" instead thereof, so that the order should read as

follows: "Now on reading and filing such consent, ordered, that said defendant file security in the penalty of $3,000, with sufficient surety, conditioned that said defendant will account for and pay over the rent of said premises as the court may direct by order in the above-entitled action." Thereafter the third trial took place, and resulted in a judgment in favor of the plaintiff for the possession of the premises claimed, and for the sum of $2,562.72 as the rental value of the premises from October 21, 1871, to May 6, 1881, at the rate of $900 per year, after deducting certain payments and allowances made by the court to the defendant. In the meantime Fisher, one of the obligors in the undertaking dated May 2, 1874, had died. This action was commenced against the two survivors, the defendants Emmerick and Knies, to reform that undertaking by striking out the word "plaintiff," where it occurs therein, and inserting the word "defendant," so that the undertaking would bind the obligors that the defendant Emmerick would account for and pay over the rent of the premises in question, in case the court should so direct, according to any order that might be made by the court, not exceeding the sum mentioned in the undertaking, on the ground that the word "plaintiff" was inserted in the bond by mutual mistake instead of the word "defendant;" and judgment was also demanded upon the undertaking as thus corrected for the sum of $3,000, with interest. The court ordered judgment for the plaintiff, correcting the bond as prayed for, and for the sum due to the plaintiff for the rental value of the property. The defendants appealed from that judgment to the General Term, and from affirmance there to this court.

The first claim the appellants make is that the undertaking was merged in and superseded by the first judgment which was rendered dismissing the complaint. It is true that if that judgment had never been disturbed, it would have been final, and would have absolved the obligors in the undertaking from any liability. But it was subsequently reversed, and finally in the action a judgment was rendered in favor of the plaintiff, and then the undertaking, by its terms, became operative. This

was not a statutory, but a common-law undertaking founded upon a sufficient consideration. There was a final judgment in the action which directed the defendant Emmerick to pay to the plaintiff certain rents, and that judgment was a direction and order of the court within the meaning of the undertaking. It is quite true that the dismissal of a complaint dissolves an injunction, and vacates and annuls an order of arrest, but there is no analogy between such cases and the case now before us. The undertaking bound Emmerick to account for and pay over the rent of the premises, as the court might direct by any order or judgment which might be obtained in the action; and when a final judgment was obtained directing such payment, the condition had arisen which rendered the obligors liable upon the undertaking.

No point was made upon the trial, or by any exception, that the amount awarded to the plaintiff in this action was too large. In the action against Emmerick it was found that the rental value of the property from October 21, 1871, to January 21, 1881, was $900 per year, and, after making certain deductions, a judgment was rendered against Emmerick for $2,561.73, and that was the amount of the recovery in this action. It is objected that the defendants are not liable for the rental value, but simply for the rents actually collected. No such point was taken at the trial, and it does not appear that Emmerick did not collect the full amount awarded against the defendants. In the absence of any proof, it may be assumed that he received rents equal to the full rental value. The undertaking was dated May 2, 1874, and the final judgment in the action was rendered seven years thereafter, and as the rental value appears to have been $900 per year, it cannot be said that the amount of the judgment is too large. It is a fair inference from the evidence that the balance of rents due from the defendant between the dates named was fully equal to the amount of the recovery.

It is also claimed that the court had no authority to amend the undertaking. It was simply a common-law instrument between the plaintiff and Emmerick and his two sureties. The

evidence is ample and conclusive that by mutual mistake of the parties the word "plaintiff" was inserted where the word "defendant" should have been, and upon the proof there was ample power in the court to order the undertaking to be amended and enforced as amended, and thus make the instrument conform to what all the parties intended and expected.

It matters not that the order of May 2, 1874, was amended without notice to the sureties in the °undertaking. It was wholly unnecessary to amend that order, and the amendment was harmless as this action could have been maintained without such amendment. Nor does it matter that in the amended order Emmerick was required to file a new undertaking in conformity therewith. The new undertaking was not filed, and the former was not, therefore, superseded.

We discover no error in the judgment, and it should be affirmed, with costs.

All concur.

Judgment affirmed.