JULIA A. PERCIVAL, Appellant and Respondent, *v.* EDWARD S. PERCIVAL, Appellant and Respondent.

*Court of Appeals, Jan, 22, 1891.*

Aff'g 47 Hun, 637, Mem.

1. *Appeal. Court of appeals.*—The general term has power to review the discretion exercised by the special term, and to strike out an allowance of sums expended by the wife in her support and maintenance since the commencement of an action for divorce, as improvidently allowed under all the circumstances, but it has no right to do so upon the ground that the lower court had no power to allow it.

2. *Same.*—But, unless it appears in the record, of which the opinion forms no part, that the action of the general term was based upon a want of power, the court of appeals cannot review it.

3. *Same. Dormant partner.*—*It seems* that a dormant partner, in such case, need not give notice.

4. *Same. " & Company."*—The words " & Company " indicate an agency, and that a principal or principals are undisclosed, and if credit is given the law presumes that it was given to all the principals.

5. *Same.*—Facts held sufficient to establish defendant an ostensible, but not a dormant, partner.

Appeal from a judgment of the general term of the supreme court, entered upon an order affirming a judgment in favor of defendant, Harris, entered upon a verdict, and affirming an order denying a motion for a new trial.

Cross appeals from judgment of the general term of the supreme court, modifying, and affirming as modified, a judgment entered upon the decision of the court at special term.

*Raphael J. Moses,* for plaintiff.

*William J. Lynch,* for defendant.

PER CURIAM.—The case of Beadleston *v.* Beadleston, 103 N. Y. 402 ; 3 N. Y. State Rep. 634, upon which the general term seems to have relied in deducting $300 from the judgment of the special term, has no application to this appeal, because the subject there under review was an order made *pendente lite,* but after the referee had made his report which convicted the wife of adultery, although no judgment had been entered.

This court held that the power of the special term, under those circumstances, was confined to such allowances as were necessary to enable the wife to " carry on or defend the action," and that there could be no necessity for an allowance to make a defense that had already been made. In this case the special term as a part of its final judgment of separation from bed and board in favor of the wife, awarded her $300 " for repayment of the sums expended by her in her support and maintenance since the commencement of " the action. It was the duty of the defendant to support his wife and as he failed to discharge that duty after suit was instituted against him, she was compelled to procure and expend money for that purpose. Upon the termination of the action the court in rendering judgment for the plaintiff, had the power to give " such directions as the nature and circumstances of the case " required. The general term had power to review the discretion exercised by the special term and to strike out the $300 as improvidently allowed under all the circumstances, but it had no right to do so upon the ground that the lower court had no power to allow it. Tilton *v.* Beecher, 59 N. Y. 176. In the case cited the order stated that it was made " on the ground that the court had no power to grant the same " and as we understand the rule, unless it appears in the record, of which the opinion forms no part, that the action of the court was based upon a want of power, we cannot review it. Titus *v.* Orvis, 16 N. Y. 617, 618 ; Tolman *v.* S., B. & N. Y. R. R. Co., 92 Id. 353, 356.

" It is a fundamental rule governing the review by one

tribunal of the proceedings of another that orders or decisions resting in discretion are not reviewable." Wavel *v.* Wiles, 24 N. Y. 635, 636.

The order of the general term may have been made, so far as the record discloses, in the exercise of a conceded discretion, and, if not, it was the duty of the appellant to procure it to be so settled as to show that it was not.

We think that the judgment and all of the orders should be affirmed, without costs in this court to either party.

All concur.