(25 App. Div. 292.)

MONROE v. WHITE.

(Supreme Court, Appellate Division, Fourth Department. February 6, 1898.)

1. APPEAL—SUMMONS—DEFECTIVE SERVICE.

A judgment of a justice for plaintiff will be reversed on appeal where it appears by affidavit that a copy of the summons as served upon the defendant gave the return day incorrectly.

2. SAME—COSTS—DISCRETION.

The exercise of discretion under Code Civ. Proc. § 3066, in awarding costs of appeal on the reversal of a judgment of a justice for an error in fact, not affecting the merits, will not be reviewed by the supreme court, though it would reach a different conclusion, where the discretion was not abused or exercised contrary to law.

Appeal from Orleans county court.

Replevin by Mary Monroe against Charles White. From a judgment of the county court reversing a judgment of a justice court in her favor, plaintiff appeals. Affirmed.

Appeal from a judgment of the county court of Orleans county reversing a judgment of a justice of the peace in an action brought in replevin to recover certain personal property described in the affidavit and papers used before the justice. The judgment of reversal awards the defendant "$30, costs of the appeal, * * * and costs and disbursements, and further costs and disbursements to be taxed by the clerk." The judgment of reversal contains the following language: "This reversal is made, not on the merits, but on the ground of error in fact, in that the copy of the summons served on defendant was issued and dated August 20, 1896, and was by its terms returnable on August 1, 1896; and this decision is without prejudice to plaintiff to bring another action to recover the said property, as she may be advised." The justice returned to the county court that he issued a summons on the 20th of August, 1896, "returnable the 1st day of September, 1896, at 9 o'clock a. m." He also certified that it was returned "personally served on defendant, with copy of affidavit and undertaking filed as aforesaid, by H. W. Fuller, constable. September 1, 1896, case called. Plaintiff appeared personally, and by E. L. Pitts, her attorney. Defendant did not appear. Plaintiff filed complaint, in writing, demanding judgment against defendant for the return of certain property mentioned in said complaint, or for $45, the value of said property, in case said property cannot be delivered, together with $20 for her damages, and also for costs of action." The justice returned the evidence taken upon the trial, which was entirely sufficient to support the judgment rendered by him; and he certifies that on the 1st day of September, 1896, he entered judgment in favor of plaintiff and against defendant, "awarding to plaintiff the possession of the chattels set forth in said complaint, together with the costs of these proceedings, amounting to $5.30." On the 2d day of September, 1896, the defendant served a notice of appeal from the justice's judgment to the county court. The notice of appeal describes the judgment entered by the justice on the 1st of September, 1896, and contains the following words: "Errors in fact are hereby assigned, as well as errors of law." On the 2d of September the defendant made an affidavit in which he stated that the copy of summons annexed to his affidavit was in the handwriting of the justice, and was, "by its terms, returnable on the 1st day of August, 1896; that deponent

did not look it over until about two hours after said summons was served."
Attached to the affidavit is the copy of the summons, in which it appears to
be returnable on the 1st day of August, 1896. In defendant's affidavit he
states that he "has a good and substantial defense to said action of replevin, on
the merits, as he is advised by his attorney; * * * that deponent has had
no opportunity to interpose said defense, on account of the erroneous return
day in said summons." On the 1st day of October, 1896, the plaintiff, Mary
Monroe, made an affidavit in which she stated that she was present on the 1st
of September, 1896, at the time the judgment was rendered, with her attor-
ney, and that the action was called by the justice, and that they waited at
least half an hour before proceeding with the case; "that at such time de-
ponent did not know of any error or mistake in the summons served upon the
defendant herein." She further stated that the first notice she had of the
fact that it was returnable August 1st was when the notice of appeal was
served upon her. Her affidavit is corroborated by an affidavit made by her
attorney, who appeared for her before the justice; and it says he acted in
good faith, and without any knowledge that the copy served was returnable
on August 1st, instead of September 1st, and that he called upon the defend-
ant's attorney, who told him that the appeal papers had not been served upon
the respondent. Thereupon the plaintiff's attorney "told him that he would
open and set aside the judgment, and pay him the moneys he had already paid
out, and that they would join issue, and try the case on the merits." Such
offer was refused. On the 6th of November, 1896, Fuller, the constable who
served the summons, made an affidavit in which he said that, at the time he
served the summons, "defendant asked him when it would come off, and that
deponent told him on September 1st, and that he counted upon his fingers, and
told him the day of the week when the summons would be returnable, and
told him it would be on Tuesday. * * * Deponent further says that he
supposed the copy of the summons he served was like the original, and prop-
erly filled out." M. L. Brainard, the justice before whom the summons was
returnable, on the 5th of October made an affidavit in which he stated the first
knowledge or information he had that the copy of the summons served on the
defendant was made returnable on August 1, 1896, instead of September 1, 1896,
was when the notice of appeal herein was served upon him, and when he ren-
dered the judgment, on September 1, 1896, he supposed and believed that the
summons served on defendant was an exact copy of the original, returned to
him as served, and did not know of the error in date when said copy was
made returnable at such time. On the 19th of October, 1896, the defendant
made another affidavit, in which he contradicted the statement made by Ful-
ler, the constable who served the summons, and in which affidavit he says
"that he [the constable] did not in any way say to deponent that the case
was returnable on September 1st; that he did not count the time to the return
day on his fingers; that he simply served the summons and the other papers
on deponent by giving deponent the copies filed on this appeal, in connection
with the deponent's affidavit, and then left deponent, without saying one word
as to the return day thereof." The affidavit further states that the defendant
worked in the town of Yates on the 1st of September, "all day," about nine
miles from Medina, for Robert Fisher. On October 22, 1896, Robert Fisher
made an affidavit in which he stated that the defendant worked for him on
the 1st day of September, and on the following day, September 2, 1896, said
White "said that he was going to Medina, and started for that avowed pur-
pose."

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN,
and WARD, JJ.

Edmund L. Pitts, for appellant.
Ryan & Skinner, for respondent.

HARDIN, P. J.    Manifestly, a mistake was made in delivering to
the defendant a copy of the summons, which copy was filled out as
though the summons was returnable on the 1st of August.    The orig-

inal summons was returnable on the 1st of September. The affidavits presented to the county court established that there was an error in fact in respect to the copy of summons that was served upon the defendant. The return made by the constable upon the summons was presumptive evidence of the service of it in the manner stated, but it was competent to rebut such presumption by the affidavits which were used before the county court. Waring v. McKinley, 62 Barb. 612. In Harvey v. Rickett, 15 Johns. 87, it was held that the—

"Plaintiff in error may assign, as error in fact, such matters as could not come under the observation of the justice, and therefore could not be returned by him; as the misconduct of the jury after they had retired to make up their verdict."

Near the close of the opinion delivered in that case it was said:

"Whenever any irregularity or misconduct in the jury has taken place, which does not appear, and could not be made to appear on the return, some mode ought to be adopted to reach the evil; and none more fit and appropriate occurs to the court than to allow it to be assigned as error in fact."

In Fitch v. Devlin, 15 Barb. 49, it was said:

"The right to reverse a justice's judgment for an error of fact, not appearing on the record, has always been secured to the party, in some form."

In the case last cited the service of the summons was imperfect, and a judgment had been rendered against the defendant upon a return of a constable of personal service, and it was held that the judgment might be reversed on appeal, the error of fact appearing by affidavit; and further:

"This remedy on appeal is applicable as well in cases of jurisdictional defects as to those of mere irregularity."

That case was referred to with approval in the opinion delivered in Wavel v. Wiles, 24 N. Y. 637. In the course of the opinion delivered in that case, it was said:

"It is a fundamental rule governing the review by one tribunal of the proceedings of another, that orders or decisions resting in discretion are not reviewable."

In that case it appeared that the defendant had appealed to the county court, and there presented affidavits denying the service of summons, upon which the county court ordered a new trial on payment of $10 costs. The county court had acted under section 366 of the Code of Procedure, as it then stood, authorizing a county court, in case the defendant failed to appear before the justice, and it was shown by affidavits or otherwise "that manifest injustice had been done," and the default was satisfactorily excused, to, "in its discretion, set aside or suspend the judgment, and order a new trial before the same or any other justice." It was further said in the course of the opinion in Wavel v. Wiles:

"An application for a new trial under this section of the Code is addressed purely to the favor and discretion of the court. * * * The supreme court erred in reversing the judgment of the county court. It was not entitled to review its decision on the questions presented in the affidavits, and they could not properly be used or considered on the merits of the case."

The doctrine enunciated in Wavel v. Wiles, supra, was referred to with approval in Tanner v. Marsh, 53 Barb. 438. Wavel v. Wiles,

supra, was decided in 1862. Section 366 of the Code of Procedure then also contained a provision as follows:

"If the appeal is founded on an error in fact in the proceedings, not affecting the merits of the action, and not within the knowledge of the justice, the court may determine the alleged error in fact, on affidavits, or may in its discretion inquire into and determine the same upon examination of the witnesses."

Following section 366 was section 368 of the Code, which provided that, if the judgment was affirmed, costs should be awarded to the respondent, and that, if it be reversed, costs should be awarded to the appellant; also, the following provision:

"If it be affirmed in part the costs, or such part as to the court shall seem just, may be awarded to either party."

In section 371 it was provided what the costs should be which were allowed on appeals.

The rules thus prescribed as to costs on appeals in the county court remained as stated until the writer of this opinion introduced into the legislature a clause which was adopted in chapter 460 of the Laws of 1862, in the following language:

"If the judgment be reversed for an error in fact in the proceedings not affecting the merits, costs shall be in the discretion of the court."

See section 30, Laws 1862, chapter 460, passed April 23, 1862. That provision is found, substantially the same, incorporated in section 3066 of the Code of Civil Procedure. The second subdivision of that section is as follows:

"If the judgment is reversed for an error in fact, not affecting the merits; or if a new trial is directed, before the same or another justice, as prescribed in this article; the costs of the appeal are in the discretion of the appellate court."

In the case in hand, therefore, the county court had a discretion in respect to the costs after it reached the conclusion to reverse the judgment for the error in fact presented by the affidavits. It exercised its discretion by awarding costs to the defendant. We are not at liberty to review that discretion, as nothing appears in the record to show that it was abused, or exercised contrary to law. While we might have been better satisfied had the reversal taken place without costs to the defendant, inasmuch as there are many facts and features of the case indicating that the defendant was unwilling to accept a proper offer made to him to waive the judgment, or to join issue and to have the action tried on the merits, yet, we are not at liberty to interfere with the discretion as exercised by the county court. In Wright v. Chase, 77 Hun, 90, 28 N. Y. Supp. 310, it was held, viz.:

"Decisions of one court, resting in discretion, are not reviewable in another, unless such review is specially authorized by law."

Dwight, P. J., in stating the rule just quoted, quotes numerous authorities in support thereof, and he quotes from Reilley v. Canal Co., 102 N. Y. 382, 7 N. E. 427, the following language of Rapallo, J.:

"The general rule is well settled that the decisions of one court, resting in discretion, are not reviewable in another unless such review is specially authorized by law."

We find no statute authorizing this court to review the discretion of the county court, given to it by section 3066 of the Code of Civil Procedure. Section 3057 of the Code of Civil Procedure provides, viz.:

"Where an appeal is founded upon an error in fact in the proceedings, not affecting the merits of the action, and not within the knowledge of the justice, the court may determine the matter upon affidavits; or, in its discretion, upon the examination of witnesses; or in both methods."

It was therefore competent for the county court to determine as to the error in fact upon the affidavits presented to it. Vallen v. McGuire, 49 Hun, 594, 2 N. Y. Supp. 381. In section 3064 of the Code of Civil Procedure, provision is made that in case the defendant fails to appear before the justice—

"And he shows, by affidavit or otherwise, that manifest injustice has been done, and renders a satisfactory excuse for his default; the appellate court may, in its discretion, set aside the judgment appealed from, or stay proceedings thereunder, or by order direct a new trial."

It will be observed that that section confers a discretion upon the county court. In the affidavits presented in this case, there are no statements tending to show "that manifest injustice has been done." It was held in Armstrong v. Craig, 18 Barb. 387, under the like provision found in section 366 of the Code of 1852, that it was incumbent upon a party seeking a new trial, not only to excuse his default, but—

"He must show that manifest injustice has been done. A bare affidavit of merits is not sufficient. Facts must be stated, and not conclusions, to enable the court to see that such injustice exists."

It is quite apparent that the affidavits produced by the defendant in the case in hand were not prepared with a view of bringing his case within the requirements of section 3064 of the Code of Civil Procedure. In Larocque v. Harvey (Sup.) 10 N. Y. Supp. 576, section 3064 was referred to in the opinion of Landon, J., who said:

"That section is applicable to a defendant in default who seeks to open it. In such case he appeals to the discretion and favor of the court. Here the defendant asks no favor; he denies the jurisdiction of the justice. If the facts deprived the justice of jurisdiction, it was the defendant's right to show them."

The foregoing views lead to the conclusion that this court ought not to disturb the discretion exercised by the county court of Orleans county, and its judgment must therefore be affirmed. Judgment affirmed, with costs. All concur.

