ARMSTRONG and McOMBER *vs.* CRAIG.

18b 387
25ap299

A defendant may properly be said to *fail to appear* before a justice of the peace, within the meaning of sec. 366 of the code of 1852, not only where he does not answer on the return of the summons, and the plaintiff takes judgment, but where he neglects to attend, on the day to which the cause is adjourned, and the trial proceeds without him.

It was intended, by that section, to provide for a case where the plaintiff practices a fraud upon the defendant, and induces him not to attend the trial, on the adjourned day, and thereby procures a judgment wrongfully.

Where, on the trial of a cause before a justice of the peace, an individual appears as attorney for the defendant, and swears that he is duly authorized to answer to the suit, and he makes no application to adjourn the cause, but procures a subpœna in behalf of the defendant, and attends and examines the witnesses, on the trial, without stating that he is not authorized to conduct the trial, on behalf of the defendant, or making any objection to its proceeding; this is sufficient to justify the justice in proceeding with the trial.

And if it turns out that in fact the attorney was only authorized to appear for the defendant for the purpose of applying for an adjournment, the remedy of the defendant is against his attorney.

Where an attorney acts without authority, and is responsible, the court will not usually interfere, if the opposite party has acquired rights, but will leave the party to his remedy against him.

If a defendant, in a suit before a justice, honestly believes that an adjournment has been agreed upon, between him and the plaintiff, and in consequence of such belief is induced to absent himself from the trial, and to make no preparation for it, this furnishes a sufficient excuse for his default, and he brings himself within the latter clause of sec. 366 of the code of 1852.

But he must go further. He must show that *manifest injustice* has been done. A bare affidavit of merits is not sufficient. Facts must be stated, and not conclusions, to enable the court to see that such injustice exists.

THIS was an appeal from a judgment rendered by a justice of the peace of Hamilton county. The judge of that county being related to one of the parties certified that fact, and the appeal, into this court. The return of the justice stated that, on the return day of the summons, on the 13th day of February, 1854, the *parties* appeared before him, and the plaintiffs filed their complaint in writing, claiming damages against the defendant for breaking and entering a barn in the plaintiffs' possession, and wrongfully taking from thence and converting to his own use 12 tons of hay and 5 tons of straw, the property of the plaintiffs,

of the value of $100. To which the defendant pleaded orally, by *denying the complaint*, and charged the plaintiffs with a quantity of hay. That the cause was then adjourned, by the consent of the parties, till the 4th day of May, 1854, at one o'clock P. M., at the house of William Pettit in the town of Wells. That on the said 4th day of May, 1854, the plaintiffs appeared in person and by their counsel, and the defendant by Washington Craig, who swore that he had been authorized to answer in this suit by the defendant's sending him word to that effect, by his son George Craig. The trial proceeded; Washington Craig appearing for the defendant and cross-examining the witnesses introduced by the plaintiffs, and introducing and examining a witness on the part of the defendant. The justice rendered a judgment in favor of the plaintiffs for $88 damages and $1.84 costs. No complaint was made that the judgment was not fully authorized by the evidence. The defendant, however, connected with his appeal an application, under section 366 of the code of 1852, and produced affidavits, copies of which were served on the plaintiffs. In these affidavits it was alleged, in substance, that on the 3d of May, 1854, the day before the trial, a verbal agreement was made between the plaintiff McOmber and the defendant that the latter should either come himself, the next day, or send some one, to the place of trial, and have the suit adjourned 15 or 20 days, by consent; that on the same day the defendant did send his brother to his father, Washington Craig, to authorize him to go to the place of trial, on the 4th of May, and adjourn the cause, pursuant to the agreement; and that, relying upon such agreement, the defendant failed to attend the trial, with his counsel and witnesses, as he otherwise would have done. The affidavits on the part of the plaintiffs denied the making of any agreement to adjourn the suit before the justice.

*J. M. Dudley,* for the appellant.

*C. B. Cochran,* for the respondents,

*By the Court,* C. L. ALLEN, J. No complaint is made in this case, that the judgment is not right upon the evidence produced before the justice. But the defendant claims that he has made out such a case, by his affidavits, as brings him within § 366 of the code of 1852. That section, after declaring that the appellate court, upon the hearing, shall give judgment according to the justice of the case, without regard to technical errors or defects, which do not affect the merits, and that the judgment below may be affirmed or reversed in whole or in part, and as to any or all of the parties, and for errors of law or fact, proceeds as follows : " If the appeal is founded on an error in fact in the proceedings, not affecting the merits of ·the action, and not within the knowledge of the justice, the court may determine the alledged error in fact on *affidavits,* and may, in its discretion, inquire into and determine the same, upon examination of the witnesses. *If the defendant failed to appear before the justice,* and it is shown by the affidavits served, or otherwise, that manifest injustice has been done, and the defendant satisfactorily excuses his default, the court may in its discretion set aside, or suspend, the judgment, and order a new trial before the same or any other justice, at such time and place, and on such terms, as the court may deem proper. The parties must appear before the justice according to the order of the court, and the same proceedings must thereupon be had, in the action, as on the return of a summons personally served."

It is not pretended in this case that the appeal is founded on an error in fact in the proceedings, not affecting the merits of the action, and not within the knowledge of the justice, except so far as such error in fact is connected with the other question. The ground assumed is, that the defendant *failed to appear,* and that he has satisfactorily excused his default, and that it is shown by the affidavits that manifest injustice has been done.

The first question which presents itself therefore is, when may it be said that the defendant failed to *appear,* within the meaning of the section? The defendant, it seems, appeared personally before the justice on the return of the summons, and

Armstrong *v.* Craig.

put in his answer, and consented to the adjournment until the 4th of May. So far, therefore, he was regularly in court. The return states that on the adjourned day the defendant appeared by Washington Craig, who swore that he was authorized to answer to the suit, by the defendant sending him word to that effect by his son George Craig. The defendant, by his affidavit and that of his father, insists that there was no authority to appear for him, except for the purpose of consenting to an *adjournment.* And he insists, further, that he did not go, himself, on the adjourned day, because he had agreed with one of the plaintiffs that the cause should be further adjourned. Does the section intend to confine the *failure to appear,* to a case where the party does not answer on the return of the summons, and the plaintiff takes judgment, or does it extend to a case like the present, where he neglects to attend on the adjourned day, and the trial proceeds without him ? The common pleas of the city of New-York doubted whether the provision was intended to extend thus far, and rather came to the conclusion that it was only applicable to cases where the defendant had failed to appear, altogether; remarking that if it had been intended to extend it farther, the language would have been, "failed to appear before the justice on the trial." That a party does not fail to appear *before the justice,* when he attends, at the return of the summons, and answers to the action. I think, however, that both cases may be included. A party may, as is claimed in this case, practice a fraud upon his adversary, and induce him not to attend the trial, on the adjourned day, and procure a judgment wrongfully. Manifest injustice would undoubtedly in such case be done, and I have no doubt that it was intended by the section to provide for such a case, among others.

But when may it be said that a defendant fails to appear? When neither he nor his authorized attorney attends the trial and takes part in it. The defendant swears that he did not appear on the trial, for the reason that he supposed there was a valid agreement between him and McOmber that there should be a further adjournment, and that he sent his father to consent to such adjournment, and did not authorize him to appear for

any other purpose. The father supports him in his affidavit, but does not swear that he stated to the justice, or to the plaintiffs, that he was only authorized to appear for that purpose. He swears that he told the justice he wanted an adjournment, to which the justice made reply that it would depend upon the agreement made by the parties, as the 90 days had expired; and that the trial was had against his will or consent. On the contrary, it appears by the return that he was sworn, and testified that he had been authorized to answer to the suit. And the justice swears, as do the plaintiffs and their attorney, that he made no application to adjourn the cause, but procured a subpœna in behalf of the defendant; that he said he expected the defendant there, and appeared and examined the witnesses, on the trial, not pretending in any manner that he was not fully authorized to conduct the trial on behalf of the defendant, or making any objection to its proceeding. Here then were such testimony and acts on the part of the defendant, as fully justified the justice in proceeding with the trial, within § 45 of the justice's act. If Washington Craig exceeded his authority he did it in fraud of the plaintiffs' rights as well as the defendant's, and the plaintiffs are not to suffer in consequence of it. And if the defendant has been prejudiced he must take his remedy against his attorney, who, for aught that appears, is perfectly solvent, and able to respond. Whenever an attorney disobeys the lawful instructions of his client, and a loss ensues, the attorney is liable for the damages occasioned by such loss. (8 *Mass. Rep.* 57.) If he acts without authority, and is responsible, the court will not usually interfere if the opposite party has acquired rights, but will leave the party to his remedy against him. (9 *Paige,* 496. 6 *John.* 34, 296. 9 *Wend.* 437.)

It is said here is enough *to excuse the default,* within the meaning of the section. But here was no legal default. There was such an appearance as authorized the justice to proceed and try the cause.

But suppose there was no appearance at all, or no sufficient authority proved by Washington Craig; is the default sufficiently excused? The affidavits are conflicting on this point; the plain-

tiffs contradicting the facts as stated by the defendant, going to show that there was fraud practiced on their part. And on this ground we must come to the conclusion that no fraud was practiced. There may have been, and probably was, a misunderstanding between the defendant and McOmber; the former supposing that the adjournment had been consented to, and the latter, from his express declaration to the defendant, supposing that, as he (the defendant) would not go to the justice, the day before the trial, and adjourn, the cause was to be tried. He acted in accordance with instructions from his co-plaintiff, and both believed, as they swear, that they had not consented to an adjournment, and that the cause was to be tried. They acted in accordance with such belief, by sending some distance for their counsel, and otherwise preparing for trial. But if the defendant misunderstood the conversation at the interview between him and McOmber, and honestly believed, as he swears he did, that an adjournment had been agreed upon, and was induced, in consequence of such belief, to absent himself from the trial, and to make no preparation for it, it furnishes, I think, a sufficient excuse for his default, and he brings himself within that part of the section. But he must go farther; he must show that *manifest injustice* has been done. I do not think a bare affidavit of merits is sufficient; as in setting aside a default, in a court of record, it must be shown by *the affidavits served, or otherwise,* that manifest injustice has been done. Facts must be stated, and not conclusions, to enable the court to see that such injustice exists. The defendant swears in this case, in addition to his general affidavit of merits, " that he purchased the property mentioned in the complaint and evidence before the justice, after the date of the writing or contract set forth in the return of the justice." He does not state from whom he purchased—whether from a person having or claiming to have title, or not. He may have purchased from an entire stranger, and one having no interest whatever in the property, and yet his affidavit be true. Nor does he swear whether he paid a full and valuable consideration, or a trifling one. Nor does he state any particulars relative to the purchase, so as to enable the court to determine

whether he has a good defense, or whether injustice has been done him or not. He did not, it seems, set up such a defense in his answer. As against this judgment, he ought to have made these facts appear to the court, before calling upon it to set aside or suspend the judgment and grant a new trial.

This is the first, case to my knowledge, which has called for an adjudication under this part of § 366 of the code. I am of opinion the requisitions of that section have not been complied with, in this case; and the judgment should be affirmed.

Judgment affirmed.

[FRANKLIN GENERAL TERM, September 4, 1854. *Hand, Cady, C. L. Allen* and *James*, Justices.]