## SUPREME COURT.

### HIRAM C. TANNER. appellant agt. EDWIN L. MARSH, respondent.

Where a defendant is sued in a justice's court by *short summons, as a non-resident of the county,* and he omits to appear before the justice, and judgment by default is rendered against him, the county court has no power, on appeal and upon affidavits showing that he was not a non-resident and excusing his default, to *reverse* the justice's judgment as upon an *error of fact.*

An "error of fact," has quite a different meaning from an error which deprives the justice of juristion over the person of the defendant, by issuing the wrong process to bring him into court.

*Erie General Term, November,* 1867.
*Before* DANIELS, MARVIN *and* DAVIS, *Justices.*

THE plaintiff commenced an action against the defendant in a justice's court of Erie county by a short summons, which was personally served. The defendant did not appear before the justice, and judgment was rendered in favor of the plaintiff. The defendant appealed from the judgment to the county court of the county of Erie. And that court, upon affidavits tending to excuse the defendant's default, and tending to show that at the time when the summons was served, he was a resident of the county of Erie, reversed the justice's judgment. And from such judgment of reversal, the plaintiff appeals to this court.

L. SPRING, *for appellant.*
H. THORNTON, *for respondent.*

*By the court,* DANIELS, J.   The county court reversed the judgment of the justice, because it became satisfied from the affidavits produced and read upon the hearing in that court, that the defendant was a resident of the county of Erie and could not therefore be sued by a short summons.  With the correctness of this conclusion, this court upon the present

appeal, has nothing whatever to do. (*Wavel* agt. *Wiles*, 24 N. Y. R. 635.) The question presented for its consideration, is whether that court could properly reverse the justice's judgment when it became satisfied from the affidavits, that the defendant was a resident of Erie county, and should therefore have been sued by a long summons. The only authority for the reversal of the justice's judgment relied upon by the defendant's counsel, is that which section 366 of the Code provides. By that it is provided, that "if the appeal is founded on an error in fact in the proceedings, not affecting the merits of the action, and not within the knowledge of the justice, the court may determine the alleged error in fact on affidavits, and may in its discretion, inquire into and determine the same upon examination of the witnesses." This proceeding is not confined to cases where the defendant fails to appear before the justice, but it extends to all cases. Where an error in fact not affecting the merits of the action, and not within the knowledge of the justice, may have intervened in the course of the proceedings in the action. For errors of this nature, whenever they may be established, either by affidavits or by the examination of witnesses, the county court is authorized by the preceding portion of the section referred to, to reverse the justice's judgment. The Code itself has not undertaken to declare what the errors of fact are, for which the judgments of justices may be thus reversed. If they are to include all questions of fact which may arise in actions in justices courts, not within the knowledge of the justice, affecting the regularity of the proceedings, then a multitude of questions are brought within the jurisdiction and determination of the county court upon affidavits, which previous to the enactment of the Code of Procedure, were very differently disposed of. These questions are often of such a nature, as to render them the proper subjects of pleading, and trial in the ordinary course of proceeding in an action. And when so disposed of the party conceiving himself aggrieved, is entitled to have them reviewed

by appeal by the appellate tribunals provided by law. This is an important right which parties to legal proceedings should not, without good reason for it, be deprived of. No such reason exists in the present instance, because the legislature have not provided that the terms used in this section of the Code, shall receive so great a latitude of construction, as to render them productive of that result. Previous to the enactment of the Code, these terms "error in fact," had acquired a definite legal signification. And they included cases where the action had been prosecuted or defended by a married woman, or by an infant, for whom no next friend or guardian had been appointed, and cases where parties, witnesses and jurors misconducted themselves to the prejudice of the party against whom the judgment was recovered. (2 *Burrill's Prac.* 152; *Harvey* agt. *Pickett*, 15 *John.* 87; *Camp* agt. *Bennett*, 16 *Wend.* 48.) In these cases, and perhaps others of the same general nature, the party defeated in the action could, by the practice existing before the adoption of the Code, allege the disability, or misconduct relied upon as error in fact. And if that was denied, an issue of fact was found, which the law required to be tried and determined by a jury. (2 *Burrill's Prac.* 152–154.) This formed a complicated, troublesome and expensive proceeding, entirely unadapted to the inconsiderable amounts forming the subjects of controversies brought before justices of the peace. This proceeding, it was the object of the Code to abolish when the error in fact arose in actions pending in justices' courts, and to substitute for it a hearing in the county court upon affidavits or the examination of witnesses. In doing this it was not the object of the law to extend the legal signification of the terms used, but to provide a new and simple proceeding for ascertaining and correcting such errors as were not within the knowledge of the justice, and were included in the legal comprehension of the terms "error in fact."

This conclusion is in conformity with the settled rule applied to the construction of statutes, making use of terms

which have previously acquired a definite legal or technical signification. Such terms when they are made use of by the legislature in the enactment of laws, are presumed to have been used according to their previous legal acceptation, where nothing warranting a different conclusion is contained in the statute. (*Sedgwick on Stat. and Const. Law*, 261–265.) And there is nothing in the Code that will justify the supposition that these terms were used in any different sense in this instance.

According to this construction of this section of the Code, which it is manifest, is the one that should be given to it, this portion of it did not include the controversy presented by the appeal to the county court in this action. And that court, therefore, should not have reversed the justice's judgment for the cause shown by the affidavits.

Where the defendant fails to appear before the justice, a different proceeding is provided for the purpose of relieving him from his default, by the succeeding portion of this section of the Code. Under that portion of the section, the judgment of the justice is not to be be reversed. But when it is shown by the affidavits served on the part of the appellant, or otherwise, that manifest injustice, has been done, and the default is satisfactorily excused, the county court, in its discretion, may set aside or suspend the judgment, and order a new trial before the justice who rendered the judgment, or some other justice in the same county (§ 366 *of the Code*). This is the provision which should have been applied to the disposition of this case when it was before the county court, and not that providing for the correction of errors in fact. Then the defendant would have been afforded an opportunity to appear in the action before the justice, and there pleading in abatement the fact of his residence in the county in which the action was brought. And if the answer alleging that fact should have been found to be true, it would necessarily have resulted in the dismissal of the suit.

This proceeding may still be taken by the defendant, if the

county court shall be satisfied upon the affidavits produced before it, that the defendant's default in not appearing before the justice, has been satisfactorily excused, and that manifest injustice has been suffered by him in consequence of the judgment which the plaintiff has recovercd against him. Whether that be so or not, it is for the county court, and not for this court, to decide.

The judgment of the county court reversing the judgment of the justice, should be reversed, and that court directed to proceed and hear the defendant's application to set aside or suspend the judgment of the justice, and for a new trial to be had in the action.