30 523
16ap632

JOHN W. STEBBINS, RESPONDENT, *v.* DWIGHT B. COWLES, APPELLANT.

*Reference of an action, involving a long account, brought by an attorney against his client — when it may be ordered — County Court — orders made by it, under its discretionary powers, are not reviewable by the General Term of the Supreme Court, as they would be if made at a Special Term of that court.*

Where, in an action brought in a County Court by an attorney, to recover for professional services rendered to his client, the court decides, after a partial trial, that all the items of his account, and their nature and value, must be proved, and directs the action to be referred, the order of reference, being discretionary with the County Court, cannot be reviewed by this court upon appeal.

This rule does not apply to a review by the General Term of the Supreme Court of the decisions of a Special Term thereof, they being part of the same court; but the County Court, being an independent tribunal, this court cannot interfere with the exercise of its discretionary powers.

APPEAL from an order of the Monroe County Court, directing that the action be referred for trial.

*W. Henry Davis,* for the appellant.

*John W. Stebbins,* respondent, in person.

SMITH, P. J.:

The action is brought to recover for services as an attorney and counselor-at-law. The complaint contains a single count alleging such services generally, and the bill of particulars furnished by the plaintiff specifies numerous items, extending through a period of four years, including services rendered in four separate suits. The answer admitted generally that the plaintiff performed professional services for defendant :" during the time and as stated in the complaint," but with that exception denied the complaint and

alleged payment, and that the services were performed negligently. The plaintiff having moved for a reference, the defendant admitted that the items of plaintiff's bill of particulars were correctly stated as to their number and date and character of service, but not as to their value, and thereupon the motion was denied. Subsequently the cause came on for trial before the County Court, and the plaintiff having proceeded in part with his proof, and offered evidence as to value, which was objected to by the defendant, the court decided that all the items of the account, their nature and value must be proved, and ordered a reference. From that order this appeal is taken.

We think the appeal cannot be maintained. The action was one which the County Court had power to refer in its discretion. The numerous items of the account were not so fully and distinctly admitted as to preclude the necessity of giving evidence of their nature as well as their value, as seems to have been demonstrated by the partial trial of the cause. The facts warranted the conclusion of the court below that the trial involved the examination of a long account. The order being discretionary we cannot review it. The decisions of one tribunal, resting in discretion, are not reviewable by another. (*Wavel* v. *Wiles*, 24 N. Y., 635 ; *Tanner* v. *Marsh*, 53 Barb., 438.) That rule does not apply to a review by the General Term of this Court, of the decisions of the Special Term, they being parts of the same Court. But the County Court being an independent tribunal, this Court cannot interfere with the exercise of its discretionary powers.

The counsel for the appellant cites cases in which a reference of an attorney's account has been refused. No case has gone so far as to deny the power to refer in such a case ; they all rest upon circumstances of discretion (*Martin* v. *The Windsor Hotel Company*, 10 Hun, 304), or upon the ground that the action did not involve a long account. (*Felt* v. *Tiffany*, 11 id., 62.)

The appeal should be dismissed, with ten dollars costs and disbursements.

HARDIN and BARKER, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.