### BROWN *v.* NIAGARA MACHINE CO.

(*Superior Court of Buffalo, General Term.* November 19, 1889.)

1. JUDGMENT—BY DEFAULT—MUNICIPAL COURT OF BUFFALO.
    Section 9 of the Buffalo municipal court act (Laws N. Y. 1880, c. 344) provides that, in case defendant fails to answer the complaint, he shall be deemed to have admitted the allegations, and the court, on the filing of the summons and complaint, with proof of due service, shall forthwith enter judgment, without further proof. *Held*, that where defendant fails to answer, but appears and asks an adjournment, the judge is bound to enter judgment for plaintiff.

2. SAME—OPENING JUDGMENT—APPEARANCE.
    Section 16, authorizing the court to open defaults on such terms as may be just, where defendant shall fail to appear on the return-day or on any adjourned day, does not authorize a default to be opened, where defendant appeared on the return-day and asked an adjournment, but failed to answer.

3. SAME—JURISDICTION.
    Section 16 also provides that when a transcript of a judgment has been taken from the court, and filed in the office of the clerk of Erie county, the superior court of Buffalo may open the default. The practice is the same as in the municipal court, except that a judge of the superior court may at chambers issue an order to show cause, returnable to a special term, where the application is to be heard and determined. *Held*, that the general term could not entertain the motion.

4. SAME—AFFIDAVIT.
    The section also requires defendant to show to the superior court that no application was made to the municipal court. *Held*, that the moving papers are fatally defective unless they show such fact.

5. SAME.
    Nor is defendant entitled to the relief, under Code Civil Proc. § 3064, providing that a default may be opened for manifest injustice, as it also conditions the relief on defendant's failure to appear.

Appeal from municipal court.

Action by Frank H. Brown against the Niagara Machine Company. Judgment by default was entered, and defendant appeals, and moves that the default be opened, and a new trial be granted.

Argued before BECKWITH, C. J., and TITUS and HATCH, JJ.

*Frank E. Sickles*, for appellant. *Clinton B. Gibbs*, for respondent.

HATCH, J. The summons, together with a verified complaint setting up an account and demanding judgment, was served upon the defendant herein on April 4, 1889. On the return-day, April 12, 1889, defendant appeared before the municipal court, and asked for an adjournment, which was objected to by plaintiff, and denied by the court; and thereupon, no answer being put in, the plaintiff was awarded judgment by the court for the amount demanded

in the complaint.   The defendant thereupon appealed from the judgment, and also served a notice of motion, based upon accompanying affidavits, asking to be relieved from the default, and for an order granting a new trial in the court below.   By section 7 of the municipal court act, so called, (Laws, 1880, c. 344,) it is provided that in an action brought therein, arising on contract for the recovery of money only, or upon an account, the plaintiff, at the time of the issuing of the summons, may file with the clerk of the court a written complaint, setting forth, in a plain and concise manner, the facts or items of account constituting the cause of action, specifying the amount due, and for which the plaintiff will demand judgment.   The complaint is to be subscribed by the plaintiff or his attorney, and verified as prescribed by the Code of Civil Procedure.   The summons and complaint are to be served by delivering defendant copies thereof.   Section 8 provides that if defendant appears and answers the complaint such answer must be in writing, subscribed by the defendant or his attorney, and verified like the complaint; then provides what the answer shall contain.   Section 9 provides, in case the defendant fails to answer the complaint, he shall be deemed to have admitted the allegations thereof; and the court, upon filing the summons and complaint with proof of due service, shall forthwith enter judgment for the plaintiff for the sum demanded in the complaint, with costs and disbursements, without further proof.   The return upon this appeal shows that the summons and complaint, as required by the sections referred to, were properly served; that upon the return-day thereof the defendant appeared and asked for an adjournment; but did not put in an answer as provided by section 8.   The plaintiff thereupon became entitled to judgment for the amount demanded, and the judge, by section 9, was bound to render judgment in conformity with the demand of the complaint.   This he did.   It is not pretended but that the judgment so entered was in all respect regular.   It follows that no error was committed in this respect, and the judgment appealed from should therefore stand.

But the defendant applies to the court upon affidavits to set aside this judgment upon the ground that manifest injustice has been done.   The act heretofore cited also provides for opening defaults.   By section 16 it is provided that the municipal court shall have power to open defaults and set aside judgments upon such terms as may be just, in a case where a defendant shall fail to appear on the return-day of process, or on any adjourned day, when it is shown that manifest injustice has been done, and the defendant satisfactorily excuses his default.   It then provides upon what papers the application shall be founded, within what time the motion shall be made, the method of procedure, and the terms upon which the motion will be granted.   It further provides that when a transcript of the judgment has been taken from the municipal court, and filed in the office of the clerk of the county of Erie, that this court shall then be vested with power and authority to open the default, and order a new trial upon such terms as may be just.   The practice upon such motion is the same as in the municipal court, except that a judge of this court may at chambers issue an order to show cause returnable at a special term of said court, and such application is to be heard and determined at a special term.   The defendant must also show to this court that prior to the filing of the transcript no application was made to the municipal court for like relief.

It is thus seen that the primary fact which must exist before the court can take cognizance of a motion to open a default is the non-appearance of the defendant upon the return-day of the summons, or upon any adjourned day. The moving papers herein, as well as the return, show upon their face that the defendant appeared upon the return-day of the summons and asked an adjournment, but put in no answer.   The adjournment the court had no power to grant, as the statute is mandatory, directing it to enter judgment on such failure.   There is no default such as the statute confers power upon this court

to open, as its power is limited to a failure to appear, while here defendant did appear. It is not, as counsel claims, a default for failure to answer that the court can grant relief, as the language of the statute is, "shall fail to appear on the return-day of process, or on any adjourned day." The defendant has also mistaken the court to which he should apply for relief. The statute does not, in terms, authorize an application for such relief to be made at general term, but, as already seen, expressly directs that the application shall be made upon an order to show cause returnable at special term. This is the proper practice, and should be pursued. The moving papers are also defective, in that they fail to state that no application was made to the municipal court for relief prior to filing the transcript in the county clerk's office. This is an essential fact to appear, as it may be controlling upon the court in the disposition of the application, and the court should always be informed of the action taken by other courts with respect to the subject-matter upon which it is called to act. It is quite clear, therefore, that defendant has not presented a case under this statute entitling him to the relief sought.

Defendant, however, claims that the statute, § 16, is not controlling, and that he is entitled to relief under the general law applicable to justices' courts and appeals therefrom. This claim is based upon the last clause of section 16 of the statute cited, viz.: "The provisions of this section are in addition to the right of appeal now provided by law from judgments obtained in justices' courts in the city of Buffalo." It was undoubtedly the intention of the legislature by the adoption of this clause to save any and all rights that might arise, and to leave intact such remedies as exist in the general law when not inconsistent with the act establishing the municipal court. Without at this time determining whether this motion can be entertained as falling within the provisions of the former statutes, it is a sufficient answer to say that the defendant does not show himself entitled to relief under the general law. The defendant invokes the aid of section 3064, Code Civil Proc.; but this, like the other statute, provides that a default may not be opened for manifest injustice, except in case of "a defendant who failed to appear before the justice, either upon the return of the summons or at the time to which the trial of the action was adjourned." Abundance of authority has firmly established this rule. *Armstrong* v. *Craig*, 18 Barb. 387; *Tanner* v. *March*, 53 Barb. 438. The same reasons apply here as apply to the statute first cited. It follows that the judgment appealed from should be affirmed, with costs, and the motion to open the default denied. All concur.