HOTCHKISS v. KING.

(Supreme Court, Appellate Division, Third Department. March 5, 1913.)

1. JUSTICES OF THE PEACE (§ 122*)—DEFAULT JUDGMENTS—SETTING ASIDE—STATUTES.

A statement that defendant expects to be able to prove a fact of which it is to be presumed he had knowledge, and which merely goes to lessening the damages without stating the grounds of such expectations or any reason why an affidavit of the fact is not made, and that defendant, being very busy when the summons was served, was of the opinion that the return day was on the 12th, instead of the 11th, did not satisfy Code Civ. Proc. § 3064, allowing the County Court in its discretion to set aside a justice's judgment and direct a new trial upon the defendant showing by affidavit or otherwise that manifest injustice has been done, and rendering a satisfactory excuse for his default.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 382–388; Dec. Dig. § 122.*]

2. JUSTICES OF THE PEACE (§ 160*)—APPEAL—NOTICE OF APPEAL—SURPLUSAGE—DISMISSAL.

Though, because issues were not joined in the justice's court, defendant having defaulted, he was not entitled in his notice of appeal to demand a new trial, yet, where the words "appellant demands a new trial in the appellate court" were inadvertently left in the printed form, there was no ground for dismissal, and they were properly stricken as surplusage.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 579–591, 658; Dec. Dig. § 160.*]

Kellogg, J., dissenting.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Otsego County Court.

Action by Charles E. Hotchkiss against Edward F. King. From an order of the County Court setting aside a judgment for plaintiff in the Justice Court, amending notice of appeal and directing a new trial, the plaintiff appeals. Reversed and affirmed in part.

Argued before SMITH, P. J., and KELLOGG, LYON, and HOWARD, JJ.

Arnold & Cooke, of Cooperstown, for appellant.

Orange L. Van Horne, of Cooperstown, for respondent.

LYON, J. This action was commenced in Justice's Court by the service of a copy of the summons and verified complaint July 2, 1910, the summons being returnable July 10th. The defendant having made default in appearing upon the return day, judgment was rendered against him for $75 damages and $1.90 costs. On July 12th defendant served and filed a notice of appeal to the Otsego County Court, in which he demanded a new trial in that court, and gave the necessary undertaking to stay execution upon the judgment. On July 19th defendant upon his affidavit verified that day gave notice of a motion to be made before the County Court on the 27th day of July for an order setting aside the judgment so appealed from, directing a new trial of the action before the same or another justice, and for such other and further relief as to the court might seem just and proper. On July 22d plaintiff upon his affidavit verified that day also gave notice of a motion to be heard at the same time for an order dismissing said appeal. Said motions were heard together, whereupon the County Court granted the order from which this appeal has been taken, setting aside said judgment, amending said notice of appeal by striking therefrom the words "demands a new trial in the appellate court," directing that a new trial be had before the same justice on August 6, 1912, at 10 o'clock in the forenoon, with $10 costs to plaintiff, and denying plaintiff's motion to dismiss the appeal, without costs.

The action was brought to recover the balance of $75 of the purchase price of two cows which plaintiff's agent had bought of defendant, paying him therefor $125, $75 in money, and the remaining $50 by the delivery to defendant of two cheap cows. It was alleged in the complaint, and also in the affidavits used in opposition to said motion made by defendant, that at the time of the purchase of said cows the defendant represented and warranted them to be sound and all right in every particular, and said that, if they were not satisfactory to the plaintiff in every respect, he might return them to the defendant, who would repay the purchase price, and that, the cows not coming up to such warranties and representations, the plaintiff prior to the commencement of the action returned the cows to the defendant, who accepted them, and, upon plaintiff's demand, paid to plaintiff $50 of the purchase price, but refused to pay the remaining $75, whereupon this action was brought.

[1] The defendant in his said affidavit of July 19th seeks to excuse his default in not appearing upon the return day of the summons by saying that at the time of the service of the summons and complaint

upon him he was very busy, and in reading the summons was of the opinion that it was returnable July 12th, and did not learn otherwise until he took it to his attorney July 11th, intending in good faith to defend the action. In such affidavit the defendant admits the purchase of the cows of him by the plaintiff, but denies that at the time of such purchase he made such warranties and representations or agreed to take the cows back if not satisfactory to plaintiff and repay the purchase price. However, the defendant does not deny that the cows were returned to him by plaintiff and that he accepted them, and that he repaid to plaintiff $50 of the purchase price. No proposed answer was included in defendant's motion papers, and the only element of defense appearing, aside from the denials above mentioned, which in view of the admitted acceptance by defendant of a return of the cows are immaterial except as to the allegation to repay the purchase price, is the allegation that:

"The defendant further expects to be able to prove that the cows when he received them from the plaintiff had depreciated in value from what their value was at the time of the sale."

There is no allegation that the cows when returned were, in fact, of less value than at the time of the sale, nor any grounds stated for defendant's expectation of being able to prove that fact, nor any circumstances stated from which the court can draw such a conclusion. A mere naked statement that a defendant expects to be able to prove a fact of which it is to be presumed he had knowledge, and which merely goes to lessening the amount of damages without stating the grounds of such expectations or any reason why an affidavit of the fact is not made by the defendant or by some person having knowledge thereof, and the mere statement that at the time of the service of the summons and complaint upon him eight days before the return day he was very busy and was of the opinion that it was returnable July 12th, fails to satisfy the requirement of the statute (Code Civ. Proc. § 3064) allowing the appellate court in its discretion to set aside the judgment and direct a new trial upon the defendant showing by affidavit or otherwise that manifest injustice has been done and rendering a satisfactory excuse for his default. Presumably the summons and complaint were in defendant's possession during the eight days intervening between the time of the service thereof upon him and the return day of the summons, and might have been examined by him at any time. If lack of interest in the contents of the process of a court, or neglect for more than a week to make sufficiently minute examination of a summons to correctly ascertain the date of the return day, and failure to set up facts constituting a meritorious defense beyond the mere unsupported statement of an expectation of being able to prove a defense, is sufficient to warrant the setting aside of a regularly obtained judgment, there will be little stability to a Justice's Court judgment, and a dangerous precedent will have been established.

[2] As to the claim of the plaintiff that the court had not the right to strike from the notice of appeal the words, "Said appellant hereby demands a new trial in the appellate court," issues not having been joined before the justice, the defendant was not entitled in his notice

of appeal to demand a new trial. Code Civ. Proc. § 3068. The fact that defendant inadvertently omitted to erase from the blank form of the notice of appeal a demand for a new trial did not obviate the notice of appeal nor deprive appellant of his appeal, nor entitle respondent to have the appeal dismissed. Such words were no necessary part of a notice of appeal and the learned County Court was right in treating the words as mere surplusage. ·

The court has not overlooked the case of Doughty v. Picott, 105 App. Div. 339, 94 N. Y. Supp. 43, but has preferred to place the decision of the case at bar upon the ground that the defendant has failed to show that manifest injustice has been done and to render a satisfactory excuse for his default.

The portion of the order setting aside the judgment rendered in Justice's Court and directing a new trial should be reversed, and the portion thereof amending the notice of appeal should be affirmed, with costs to appellant. All concur, except KELLOGG, J., who dissents.