(83 Misc. Rep. 297)

## STILWELL v. ROWE.

### (Onondaga County Court. December, 1913.)

1. JUSTICES OF THE PEACE (§ 171*)—APPEAL.

In view of the fact that under Code Civ. Proc. § 3044, the only way of reviewing a justice's judgment is by notice of appeal, where a party appealing from justice court has not asked or is not entitled to a new trial, he has a right to have his appeal disposed of on the justice's record supplemented by such proofs as he has presented.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 655–657; Dec. Dig. § 171.*]

2. JUSTICES OF THE PEACE (§ 122*)—DEFAULT—SATISFACTORY EXCUSE—"FAILED TO APPEAR."

Where on return of a summons issued by a justice of the peace defendant was present, and, upon the justice informing him that he would have to file a verified written answer, stated that he expected that one with whom he had consulted would procure for him an attorney, but none was forthcoming, and where after a lapse of some time the justice entered judgment against defendant, the defendant "failed to appear before the justice" within the meaning of Code Civ. Proc. § 3064, authorizing entry of default judgment where defendant fails to appear, and, within the terms of such section, rendered "a satisfactory excuse for his default."

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 382–388; Dec. Dig. § 122.*

For other definitions, see Words and Phrases, vol. 3, p. 2645.]

3. JUSTICES OF THE PEACE (§ 189*)—APPEAL—DEFAULT JUDGMENT—REVIEW.

Code Civ. Proc. § 2891, providing that judgment may be entered by a justice of the peace where defendant fails to appear and answer, does not require the County Court to affirm the judgment entered by a justice, where the question of defendant's default is presented on appeal; such statute relating to the entry of judgment and not to the duty of the County Court to determine whether a defendant should be relieved from an alleged default.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 727–733; Dec. Dig. § 189.*]

4. JUSTICES OF THE PEACE (§ 189*)—DISPOSITION OF CAUSE—AFFIRMANCE.

Where, on appeal from a default judgment entered against defendant for $25 on a note calling for $32, it does not appear from statements in defendant's affidavits "that manifest injustice has been done," as this phrase is used in Code Civ. Proc. § 3064, providing when a new trial may be directed, the judgment will be affirmed.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 727–733; Dec. Dig. § 189.*]

5. JUSTICES OF THE PEACE (§ 190*)—REVIEW—REMAND—DEFAULT JUDGMENT—NECESSITY OF PROOF.

A default judgment rendered without proof in an action for conversion should be reversed, and a new trial ordered before the same justice at a time and place specified in the order to be entered, where the defendant in his affidavit denies the conversion with particularity; Code Civ. Proc. §§ 2988, 2891, relative to entry of default judgments, not authorizing the entry of such judgments without proof in actions for conversion.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §-734; Dec. Dig. § 190.*]

6. COSTS (§ 228*)—APPEAL FROM JUSTICE OF THE PEACE—DEFAULT JUDGMENT.

While ordinarily, on an appeal from a default entered by a justice of the peace against defendant, defendant is required to pay costs, such

---

costs, under Code Civ. Proc. § 3064, are within the discretion of the County Court, and it may, in a proper case, impose costs on the plaintiff.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 848–851, 854–861; Dec. Dig. § 228.\*]

Appeals from Justice Court.

Two actions by Frank J. Stilwell against Charles Rowe. From judgments for plaintiff before a Justice of the Peace, defendant appeals. Reversed.

Olmsted, Van Bergen & Searl, of Syracuse, for appellant.

Hitchcock & Murphy, of Syracuse, for respondent.

ROSS, J. The plaintiff brought two actions before a justice of the peace, one upon a promissory note, and the other for conversion of personal property, and judgment was recovered in each action by default. From these simple beginnings some legal complications have already arisen and the end is not yet. From each of these judgments an appeal is taken. As the facts relating to the defendant's default and excuse therefor are the same in both actions, I will consider the cases together.

I have the right to assume from the oral arguments of the respective attorneys that the defendant desires to have these judgments set aside, his defaults opened, and a new trial directed before the same or some other justice of the peace. The notice of appeal served in these cases is the ordinary notice of appeal from a judgment rendered by a justice of the peace. The only proof of service of a verified complaint with each summons is a statement to that effect by the justice in his return and the admission of each of the parties in the affidavits which they have filed herein, so that I will assume such was the fact. It appears from the papers presented that the defendant was in the presence of the justice at the time, the place, when and where the summonses were respectively returnable; that he was informed by the justice that he would have to file a written verified answer or judgment would be entered against him for the amounts claimed in the respective complaints. The defendant explained to the justice that he expected a man, with whom he had consulted, would procure for him a lawyer; but no lawyer was forthcoming, and after a lapse of some time the justice entered judgments in each case against the defendant for the amounts claimed. There was no undue haste on the part of the justice and no statement made which misled the defendant. The justice in his respective returns states that the defendant appeared for himself, but such statement is immediately followed by a narration of what the defendant said as to his efforts to obtain an attorney, and there is no claim that he made the usual formal appearance.

[1] The defendant is met upon these appeals with several objections which challenge his right to have the relief asked. First, as to whether upon these appeals he can have a new trial before the same or another justice pursuant to the provisions of section 3064. Doughty v. Picott, 105 App. Div. 339, 94 N. Y. Supp. 43. In that case there was no appearance by the defendant before the justice, and in the no-

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tice of appeal which the defendant served he asked for a new trial in the County Court.

The plaintiff sought to have the appeal dismissed, and the defendant moved to have the case heard at a law term on questions of law only and also for an amended return, which contention of the defendant was upheld by the Appellate Division. The actual and only contention in the case was whether by asking for a new trial, to which concededly he was not entitled, defendant did not put himself out of court. It is to be noted that the defendant did not seek to have his default opened, and, so far as appears from the reported case, filed no affidavits excusing his default. After a full discussion of the matters actually involved, the learned justice who wrote the opinion then stated on page 340 of 105 App. Div., page 45 of 94 N. Y. Supp: `

"Of course, under such an appeal the appellant cannot have a new trial in the County Court, nor can he, under the provisions of section 3064, excuse his default and ask for a new trial before the same or another justice, but he may have a review of the proceedings taken before the justice and a reversal for any errors of law which, from the amended return, appear to have been committed."

And then the learned justice refers to the case of Thorn v. Roods, 47 Hun, 433, as holding a doctrine not in harmony with the decision about to be made, which case simply and only held that where in the notice of appeal the defendant asked for a new trial, to which he was not entitled, an amendment cannot be made, showing that the one matter that the court had in mind in the Doughty decision was in reference, as heretofore stated, as to whether the defendant was out of court by reason of the statement in the notice of appeal heretofore referred to. So that it seems to me not only was the statement of the learned justice, which is relied on by the defendant, unnecessary to the decison of the case, but was an inadvertence.

The only way by the Code to review a judgment of a justice is by a notice of appeal. Section 3044. An appeal is taken by serving upon the justice by whom the judgment was rendered and upon the respondent a written notice of appeal subscribed either by the appellant or by his attorney in the appellate court. Section 3046. If the appellant desires to excuse his default (section 3064) or appeals upon questions of fact (matters extrinsic to the record) under section 3057, his rights are to be determined upon affidavits or by witnesses sworn upon the hearing in the appeal court, or by both methods, which proof is no part of the notice of appeal. But the only method of obtaining a review is by notice of appeal, and, if he has not asked or is not entitled to a new trial, he has the right to have his appeal disposed of upon the record of the justice, supplemented by such proofs as he has presented.

[2] Second. It is claimed by the plaintiff that, under the doctrine of the case of Thomas v. Keeler, 52 Hun, 318, 5 N. Y. Supp. 359, the defendant, being present in court upon the return day, was not in default. In the case last cited both defendants were in court in person and by attorney, and one of the defendants was sworn and examined as a witness on the part of the plaintiffs, and the attorney refused to answer or take part in the trial, and it was held that that was not a

default but a voluntary abandonment of the case. Section 3064 of the Code provides relief for a defendant "who failed to appear before the justice"; but it seems to me that a defendant may "not appear" within the meaning of that section although actually present in court. Suppose that the justice calls a case and the defendant is deaf or does not hear or understand, or suppose that the justice calls the case and enters judgment without informing the defendant or refuses to receive his answer, it would seem in the cases mentioned as if the defendant failed to appear as effectually as though physically absent. In Armstrong v. Craig, 18 Barb. 387, on page 390, the learned justice says:

"But when may it be said that a defendant fails to appear? When neither he nor his authorized attorney attends a trial and takes part in it."

[3] Third. That this court has no power to open the defendant's default. Section 2891 provides:

"If a defendant fails to appear and answer, * * * the court shall, upon filing the summons and complaint, with due proof of service thereof, enter judgment."

And it is claimed that this direction is mandatory. Brown v. Niagara Machine Co. (Super. Buff.) 7 N. Y. Supp. 514. The learned justice in the case last cited in writing for the court uses language which taken alone would seem to sustain this contention, but the decision in the case referred to was made upon the ground that the defendant was not in default. The obligation may be mandatory upon the justice to enter judgment, but it is not mandatory upon this court when the question of the defendant's default is presented. In other words, the direction to the justice relates to the entry of the judgment, and the duty of this court to determine whether the defendant shall be relieved from the claimed default is quite another matter. It is not reasonable nor, as I believe, the law, that a defendant is powerless in a case in which a verified complaint is served upon him to present to an appellate court facts which may excuse his default.

In the judgment of this court the record shows that within the meaning of section 3064 the defendant "failed to appear before the justice."

In determining whether the defendant has rendered a satisfactory excuse for his default, no hard and fast rule can be followed; but every case must be determined upon its own merits. We must remember that the defendant is a layman, and, as he claims, without experience in matters of this kind. He states that he was informed by a man with whom he had consulted that all he had to do upon the return of the summons was to state to the justice his defense and ask for an adjournment. This he did and also asked for a jury trial. That he was informed that the case would then be adjourned, in which case he would have time to obtain the attendance of a lawyer. That such advice was given is not surprising as it is the usual custom in cases before a justice of the peace. Upon asking for an adjournment and for a jury trial, he learned for the first time the necessity of filing a verified answer. He was practically as helpless as though he had been required to file an answer in Latin. It is true that he might have ask-

ed for time to obtain a lawyer from Syracuse, some ten miles distant. He apparently was at a loss to know what to do, and it is at least uncertain whether he could have procured an attorney on so short a notice, and it is by no means certain that the justice would have held the case for him with the plaintiff's attorney insisting upon judgment.

In determining the sufficiency of the defendant's excuse the principal search should be for evidence of good faith. The defendant actually desired to have his case tried upon its merits, and, by reason of unavoidable circumstances or his ignorance or misfortune, he has been prevented from so doing. It seems to this court that the defendant has in his endeavor to have his day in court "rendered a satisfactory excuse for his default."

Having considered the question of defendant's default and excuse therefor, the next proposition is whether "manifest injustice has been done" and from this point the cases diverge.

[4] I will first deal with the action upon the note. It appears from the defendant's affidavit that the action was upon a promissory note of only $32; the judgment taken was for about $25 damages. These facts suggest a liquidated claim which received the sanction of the defendant's signature and also the desirability of quieting litigation in comparative unimportant matters. In the matters which the defendant claims that he would prove as his defense, he specifies dealings between the plaintiff and himself which were had prior to the execution of the note, and that all of those matters were not included in their settlement, although it appears from the defendant's affidavit that they were in his mind at the time. The defendant also claims that he paid the plaintiff $10 on the note. Apparently from the judgment which was rendered he was given credit for such payment. It is alleged by the defendant that this payment was made some three months after the note was given and forcibly suggests that his claim for matters that occurred prior to the giving of the note is groundless. In other words he claims that, while the defendant owed him $32, he gave the note for the same amount and subsequently paid $10 thereon. This seems inconsistent with a bona fide claim of a prior indebtedness to himself.

The other matters which the defendant seeks to set up as a counterclaim arose after the giving of the note, and are, probably, not liquidated within the meaning of subdivision 3 of section 2948 of the Code of Civil Procedure, and can be litigated in another action. In Nassoiy v. Tomlinson, 148 N. Y. 326, on page 330, 42 N. E. 715, on page 716 (51 Am. St. Rep. 695), Mr. Justice Vann said:

"A demand is not liquidated even if it appears that something is due, unless it appears how much is due."

In White v. Curtis, 49 Misc. Rep. 50, 98 N. Y. Supp. 319, decided by this court in 1905, one of the attorneys who appears in this case was in that case. I find that the defendant has failed in the action on the note to show "that manifest injustice has been done." Hotchkiss v. King, 155 App. Div. 850, 140 N. Y. Supp. 495.

Therefore in the action upon the note judgment is affirmed, with costs.

[5] But in the action for conversion other questions are presented. The record in this case discloses that the justice entered judgment upon a verified complaint pursuant as he supposed to the provisions of sections 2936 and 2891 of the Code. Section 2936 provides, "in an action arising on contract for the recovery of money only, or on an account," the plaintiff may attach a verified complaint to the summons and serve the same upon the defendant, in which case section 2891 provides that, if the defendant fail to answer said complaint as provided by section 2938 at the time of the return of the summons, he shall be deemed to have admitted the allegations of the complaint as true, and the court shall upon filing the summons and complaint with due proof of service thereof enter judgment for the plaintiff and against the defendant for the amount demanded in such complaint.

In other words, this being an action for conversion of personal property, judgment was entered without proof. See sections 2988 and 2891. That manifest injustice has been done in this case admits of no argument because the plaintiff has obtained judgment in an action of conversion without any proof, besides the defendant in his affidavit denies with some particularity the conversion alleged.

It is apparent that the judgment cannot stand, and the question arises whether there should be a reversal or a new trial before a justice named. Had the appellant presented the appeal upon a claim of error appearing in the record, there would be no question in regard to the disposition that should be made of this appeal. 3 Wait L. & Pr. (6th Ed.) 918, 751; Silv. App. § 637, and cases therein cited.

In the case of Tanner v. Marsh, 53 Barb. 438, the plaintiff commenced an action in justice's court against the defendant by short summons. The defendant did not appear before the justice, and judgment was rendered in favor of the plaintiff. The defendant appealed to the County Court upon affidavits tending to excuse his default, and tending to show that at the time when the summons was served he was a resident of the county of Erie (in which case the court would have no jurisdiction). The County Court reversed the judgment of the justice of the peace because it became satisfied upon the affidavits presented that the defendant was a resident of the county of Erie. This judgment was reversed by the General Term upon the ground that the defendant, having failed to appear before the justice, must proceed under the provisions relative to opening a default. The judgment of the County Court was reversed and sent to that court to proceed and hear the defendant's application to set aside and suspend the judgment of the justice.

It would seem that as the defendant appealed in the only way possible, i. e., by serving a notice of appeal, he should have been allowed to present any errors appearing either by the record or in his moving papers. Suppose that the County Court, upon a rehearing, had found that the defendant did not satisfactorily excuse his default. In that event it would decline to set aside or suspend the judgment of the justice, and the result would be that the judgment would remain in force although the justice's court never obtained jurisdiction of the person of the defendant. There is, however, much force in the contention

that a litigant should be confined to the theory upon which he has conducted a trial or an appeal.

In view of the holding in the case last cited, and in view of the fact that the appellant has not urged the error above mentioned in his appeal but has asked for a new trial upon the theory of his default, which position is the one that the respondent has been called upon to meet, I will dispose of the case upon the theory presented to me and set aside the judgment appealed from and direct a new trial before the same justice of the peace at a time and place specified in the order to be entered hereon.

[6] Ordinarily in an appeal from a default the appellant as he asks a favor is required to pay costs which are in the discretion of this court (section 3064); but this court is not limited in imposing costs upon the appellant but may in a proper case impose costs upon the respondent. Silv. App. § 518.

In view of the fact that the plaintiff took judgment without proof and that the defendant has been obliged to take this appeal to set aside the judgment erroneously recovered against him, I think that the defendant is entitled to some costs of this appeal, and the plaintiff can hardly complain that there is not an absolute reversal with a full bill of costs.

I allow $10 costs and the disbursements of the appeal to the appellant against the respondent, and suitable provision to this effect to be incorporated in the order entered herein.

Judgment reversed, with costs and disbursements to appellant.