ROBERT G. RUTHERFORD, Appellant, *v.* HARLOW KASTNER, Respondent.

Third Department, March 2, 1921.

Justice's Court — appeal from judgment by default — omission to strike out request for new trial in notice of appeal is not ground for dismissal — amendment of notice of appeal under Code of Civil Procedure, section 3049.

An appeal by a defendant under section 3064 of the Code of Civil Procedure, from a default judgment of a Justice's Court should not be dismissed because of the defendant's failure to strike out from the printed form of the notice of appeal that "said appellant hereby demands a new trial in the Appellate Court," where he excuses his default.

The County Court has discretion under section 3049 of the Code of Civil Procedure to amend the notice of appeal.

APPEAL by the plaintiff, Robert G. Rutherford, from an order of the County Court of St. Lawrence county, entered in the office of the clerk of the county of St. Lawrence on the 4th day of August, 1920, denying plaintiff's motion to dismiss an appeal by the defendant from a judgment taken against him

in the Justice's Court of the town of Hammond, St. Lawrence county.

*John C. Tulloch* and *Edmund Fitz Gerald*, for the appellant.

*Fred J. Gray*, for the respondent.

KILEY, J.:

The plaintiff, appellant, obtained judgment against the defendant in the town of Hammond, St. Lawrence county, this State, for $200 and costs. The summons served upon the defendant directed him " to appear before the undersigned, a justice of the peace of said town, at his office in said town on the 30th day of March, 1920, at one o'clock in the afternoon." The affidavit of defendant shows that at the time specified and in the town specified, the defendant appeared, made inquiry as to where the justice had his office and went to each place as directed, and failed to find any court; that he waited until two-thirty P. M. and did not see the plaintiff nor the justice. These facts are nowhere denied by appellant. Defendant appealed within twenty days from said judgment. He omitted to strike out of the printed form of the notice of appeal the words " said appellant hereby demands a new trial in the Appellate Court." This was the chief ground urged by appellant upon the argument why the motion to dismiss should have been granted in County Court. Section 3049 of the Code of Civil Procedure authorizes the appellate court to allow the amendment which respondent will ask for upon his appeal. Upon an appeal to the County Court from the Justice's Court by the defendant who failed to appear before the justice, the appellate court may direct a new trial in the Justice's Court under the provisions of section 3064 of the Code of Civil Procedure. The two sections cited protect and grant relief in proper cases. The proper court to exercise the discretion permitted by section 3049, *supra*, in this case is the County Court to which the appeal was taken. In *Hotchkiss* v. *King* (155 App. Div. 850), cited by appellant, it is said: " The fact that the defendant inadvertently omitted to erase from the blank form of the notice of appeal a demand for a new trial did not obviate the notice of appeal nor deprive appellant of his appeal, nor entitle the respondent to have the appeal

dismissed." The ruling in that case which appellant conceives to be favorable to his contention is based upon the expressed ground that appellant did not · excuse his default. In the case at bar I think the defendant does excuse his default. I think there is enough in the record to move this court toward the relief to which the respondent seems to be entitled. (See Code Civ. Proc. § 1317.) There may be other features presented when the amendment is asked for; therefore, a proper determination to reach is to affirm the order of the County Court.

Order unanimously affirmed, with costs.